**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR KITCHEN, <br><br> Plaintiff, <br><br> v. <br><br> ESSEX COUNTY CORRECTIONAL FACILITY, et al., <br><br> Defendants. | Civil Action No.: 12-2199 (JLL) <br><br> **MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court by way of Plaintiff Arthur Kitchen ("Plaintiff")'s in forma pauperis application to bring a civil action, without prepayment of fees or security, for claims brought pursuant to 42 U.S.C. § 1983. [Docket Entry No. 1]. Plaintiff was confined on January 21, 2012, at the Essex County Correctional Facility and remains confined there. (Compl., at 4). Having reviewed Plaintiff's affidavit of indigence, the Court grants Plaintiff's application to proceed in forma pauperis. However, the Court dismisses Plaintiff's Complaint in part, allowing those claims alleged therein against permissible Defendants to proceed.

## I. BACKGROUND

Plaintiff's filed his civil action complaint ("Complaint") along with his application to proceed in forma pauperis on April 12, 2012. [Docket Entry No. 1]. Plaintiff's Complaint asserts that, on January 21, 2012, he was assaulted without any provocation on his part by an unspecified number of unidentified correctional officers and, as a result of such assault, suffered severe

injuries. (Id. at 4, 6-7). Due to his unconscious state, Plaintiff maintains that he could not identify the specific Defendants involved in the incident. (Id. at 6).

## II. LEGAL STANDARD

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Thus, in reviewing Plaintiff's Complaint, "we accept his allegations as true, liberally construe them in light of his pro se status, and determine whether they provide notice of a legally-cognizable claim." Hairston v. Nash, No. 06-5219, 2007 WL 2390432, *1 (3d Cir. Aug. 23, 2007); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (plaintiff's "statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'") (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) (quoting, in turn, Conley v. Gibson, 355 U.S. 41 (1957)).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment of same. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); see generally Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007).

### III. ANALYSIS

#### A. Plaintiff's 8th Amendment Claims

The Court construes Plaintiff's allegations as claims of excessive force on the part of Defendant correctional officers at the Essex County Correctional Facility in violation of the Eighth Amendment. The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of cruel and unusual punishment, the Eighth Amendment obligates prison administrators "to take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-527 (1984); see also, Helling, 509 U.S. at 31-32; Washington v. Harper, 494 U.S. 210, 225 (1990); Estelle v. Gamble, 429 U.S. 97, 103 (1976). The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. See Rhodes v. Chapman, 452 U.S. 337, 346-347 (1981). The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society." Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)).

The landmark Supreme Court case regarding the use of excessive force in violation of the Eighth Amendment is <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992). The <u>Hudson</u> Court held that, "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Id.</u> at 6-7.  In doing so, the Court jettisoned the traditional "objective component" of Eighth Amendment analysis in favor of a review standard requiring consideration of both the subjective component regarding the requisite culpable state of mind as well as an objective component regarding the level of harm required to establish a constitutional violation. <u>Id.</u> at 8; <u>see also</u>, <u>Brooks v. Kyler</u>, 204 F.3d 102, 108 (3d Cir. 2000) ("In <u>Hudson</u>, the Court distinguished between prisoner conditions-of-confinement and medical-deprivation claims, on the one hand, and wanton use of unnecessary force claims on the other. Although the former kind of claim cannot survive without evidence that a deprivation was 'harmful enough' . . . , the latter kind of claim has no such requirement").

Consequently, under the Eighth Amendment, the Court must examine, subjectively, "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986) (citation omitted). In reviewing the objective component, it is clear that not all use of force is "excessive" under the Eighth Amendment such that it rises to the level of a constitutional violation. To determine whether force was used in "good faith" or "maliciously and sadistically," courts have identified several factors, including: (1) the need of the application of force; (2) the relationship between the need and the amount of force that was used; (4) the extent

4

of injury inflicted; (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. See Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000). "Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010).

In this case, Plaintiff asserts that he suffered severe injuries and was assaulted without any provocation on his part. Therefore, under the above-detailed test and accepting Plaintiff's allegations to be true, Plaintiff's allegations against correctional officers do state a sufficient claim allowing the Court to proceed past the sua sponte dismissal stage. However, Plaintiff's claims as against the Department of Corrections and Essex County Correctional Facility must be dismissed.

1. Eighth Amendment Claims as Against the Department of Corrections and Essex County Correctional Facility

Plaintiff's allegations against the Department of Corrections and Essex County Correctional Facility fail to state a cognizable claim. A suit by private parties seeking to impose liability which must be paid from public funds in a State treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the State itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974); N.J. Retail merchs. Ass'n v. Sdiamon-Eristoff, 669 F.3d 374, 388 (3d Cir. 2012). Thus, the Eleventh Amendment protects States and their agencies and departments from suit in federal court regardless of the

type of relief sought. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Similarly, absent consent by a State, the Eleventh Amendment bars federal court suits for money damages against State officers in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332 (1979). Correspondingly, neither States, nor governmental entities that are considered arms of the State for Eleventh Amendment purposes are persons within the meaning of § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983); see also Marsden v. Federal B.O.P., 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E. D. Va. 1992) (local jail not a "person" under § 1983); Vance v. County of Santa Clara, 928 F. Supp. 993, 995 (N.D. Cal. 1996) (county department of corrections is an agency of the county and cannot be sued separately from the county under § 1983); Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979) (county department of corrections not a suable entity separate from the county). Thus, Plaintiff's claims against the Department of Corrections and Essex County Correctional Facility are facially deficient and will be dismissed with prejudice.

2. Eighth Amendment Claims as Against Individual Officers

The foregoing analysis leaves the Court solely with Plaintiff's Eighth Amendment claims seeking monetary damages from correctional officers who allegedly assaulted him without

provocation. Plaintiff's complaint does not identify by name any of the correctional officers purported to have assaulted him. However, the fact that Plaintiff does not know the names and/or titles of these officers neither nullifies nor reduces his claim. See Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004) ("Plaintiffs may be unaware of the identities and roles of relevant actors and, owing to their incarceration or institutionalization, unable to conduct a pre-trial investigation to fill in the gaps. But by itself, this lack of knowledge does not bar entry into a federal court. . . . [P]leading and the liberal discovery rules allow for meritorious claims to proceed even if a confined prisoner cannot adduce all the necessary facts at the outset"). "[A] person who was subjected to excessive force by police officers might not . . . see[] the officers' name tags, and hence would likely need discovery to determine the names of his attackers, although he cannot get discovery until he files his § 1983 complaint." Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 190 (3d Cir. 2001). Therefore, this Court will order the Clerk to file Plaintiff's Complaint so as to allow Plaintiff to amend said Complaint by identifying Defendants John/Jane Does and by substituting Defendants Does with defendants identified by Plaintiff, enabling service of process by the united States Marshal.

### 3. Apology as Remedy Sought by Plaintiff

The Court takes note of Plaintiff's request for a remedy additional to monetary damages, namely, the request for a letter of apology. The remedy of "apology," however, is not cognizable, either within the meaning of a § 1983 action or as a general legal remedy that a court has the power to order, under any provision. See Woodruff v. Ohman, 29 F. App'x 337, 346 (6th Cir. 2002) ("Here, the district court exceeded its equitable power when it ordered [the defendant] to apologize. As the Ninth Circuit noted when faced with a similar situation '[w]e are not

commissioned to run around getting apologies.' . . . Neither the district court nor [the plaintiff] cites to any authority, and we have found none, that would permit a court to order a defendant to speak in a manner that may well contravene the beliefs the defendant holds."); Rumbles v. Hill, 182 F.3d 1064, 1066-67 (9th Cir. 1999) ("The district court correctly held that it had no power to . . . compel a party to apologize"); Devonish v. Atl. County Justice Facility, 2010 U.S. Dist. LEXIS 77118, at *8-9 (D.N.J. July 29, 2010) ("apology" is not a cognizable remedy); Norris v. Poole, 2010 U.S. Dist. LEXIS 46242, at *8 (D.S.C. Apr. 19, 2010) ("[Plaintiff] has no legal right to [an] apology"); Burkes v. Tranquilli, 2008 U.S. Dist. LEXIS 51403, at *13 (W.D. Pa. July 2, 2008) ("To the extent that Plaintiff's requested relief regarding an apology can be construed as a request for injunctive relief against the Defendants, such a claim for injunctive relief fails to state a claim as a matter of law"). Therefore, Plaintiff's claims seeking an apology will be dismissed as facially invalid.

## IV. CONCLUSION

For the reasons stated herein,

**IT IS**, therefore, on this 31 **day of May, 2012,**

**ORDERED** that Plaintiff's application to proceed in this matter in forma pauperis is **GRANTED**; and it is further

**ORDERED** that the Clerk shall file Plaintiff's Complaint; and it is further

**ORDERED** that Plaintiff's challenges as against the Department of Corrections and Essex County Correctional Facility are dismissed with prejudice for failure to state a claim upon which relief can be granted, and the Clerk shall terminate these Defendants as defendants in this matter; and it is further

**ORDERED** that Plaintiff's claims seeking the remedy of apology are dismissed, as deficient as a matter of law; and it is further

**ORDERED** that Plaintiff's remaining Eighth Amendment claims against correctional officers may proceed past the sua sponte dismissal stage; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons, and the United States Marshal shall serve copies of the Complaint, Summons, and this Memorandum Opinion and Order upon the Attorney General for the State of New Jersey, who is designated – for the purposes of the instant stage of these proceedings – constructive agent for service. Such designation is made solely for the purpose of enabling Plaintiff to engage in discovery, to determine the identities of Defendants and to file his amended complaint. No statement made in this Memorandum Opinion and Order shall be construed as an expression of the Court's opinion that the Attorney General is either a defendant in this matter or a wrongdoer for the purposes of the inquiries at bar; and it is further

**ORDERED** that no responsive pleading shall be due in this matter until and unless Plaintiff files his amended complaint identifying Defendants and the Court issues an order directing service of process on these Defendants; and it is further

**ORDERED** that Plaintiff's amended complaint identifying Defendants shall be filed within **180 days** from the date of entry of this Memorandum Opinion and Order; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets

forth the requirements for eligibility for appointment of pro bono counsel. Plaintiff is expressly advised that such appointment is neither guaranteed nor automatic; and it is further

**ORDERED** that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

**ORDERED** that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each Defendant of, if Defendants are unknown at the time of such application, upon the Attorney General for the State of New Jersey, and (2) file a Certificate of Service with the Application for Pro Bono Counsel; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall forward a copy of this Memorandum Opinion and Order by regular mail to the warden of the place of Plaintiff's current confinement; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee and, when funds exist, the agency having custody of Plaintiff shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk of the Court; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of the plaintiff shall assess, deduct from Plaintiff's account, and forward to the

Clerk of the Court payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by certified mail, return receipt requested.

**IT IS SO ORDERED.**

Jose L. Linares
United States District Judge