**LETTER OPINION**

July 16, 2012

Arthur Kitchen #541049/916939A
Mid-State Correctional Facility
PO Box 866
Wrightstown, NJ 08562

Jeffrey S. Chiesa
New Jersey Attorney General
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 080
Trenton, NJ 08625

Re:  **Arthur Kitchen v. Essex County Correctional Facility**
     **Civil Action No. 12-2199 (JLL)**

Dear Parties:

Petitioner Arthur Kitchen ("Petitioner"), a state prisoner filing pro se, commenced this action on April 12, 2012, by submitting a civil rights complaint pursuant to 42 U.S.C. § 1983. [Docket Entry No. 1]. Petitioner's filing asserts that, on January 21, 2012, he was knocked unconscious and assaulted without provocation by officers at the Essex County Correctional Facility. (Compl., at 5). On June 13, 2012, Petitioner submitted an Application for Pro Bono Counsel in a Civil Rights Case, pursuant to 28 U.S.C. § 1915(e)(1). [Docket Entry No. 8]. Petitioner has been granted permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The Court now considers Petitioner's application for pro bono counsel.

Petitioner possesses no constitutional right to representation in a civil case. Parham v. Johnson, 126 F.3d 454, 456 (3d Cir. 1997). However, a district court may request an attorney to represent a person who has been granted permission to proceed in forma pauperis in the action and is unable to afford counsel. See 28 U.S.C. § 1915(e)(1). Because pro bono time is a precious and limited commodity, the appointment of counsel should be given consideration only if the claim has "some merit in fact and law." Parham, 126 F.3d at 457. Bragg v. Agarwal, 2009 WL 4125460, No. 09-4331 (D.N.J. November 23, 2009).

In determining whether this Court should grant Petitioner's motion, it must consider the following factors: (1) the plaintiff's ability to present his or her case based on such factors as education, literacy, prior work experience, prior litigation experience, the substantive nature of the claim, and/or the ability to understand English; (2) the complexity of the legal issues involved and the lawyering skills required for an effective presentation of the claim; (3) whether the claims are likely to require extensive discovery or compliance with complex discovery rules; and (4) whether the case is likely to turn on credibility determinations or if expert testimony is necessary. See Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993)). Section 1915(e)(1) gives district

courts broad discretion to request an attorney to represent an indigent civil litigant. Tabron, 6 F.3d at 153. If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her own case, serious consideration should be given to appointing counsel. Id. at 156.

Although Petitioner has established himself as indigent, or "financially eligible," it is apparent from Petitioner's filings that he is able to clearly articulate his legal claims, as well as the facts supporting such claims. For instance, without the assistance of counsel, Petitioner submitted a civil complaint and an affidavit of indigence, which exhibits a good understanding of the relevant issues and requirements under this Court's rules. Moreover, Petitioner has not demonstrated (a) the complexity of the legal issues at hand, or (b) the need for expert testimony or an evidentiary hearing at this juncture. Although Plaintiff states that he faces "significant medical issues," he has neither stated the nature of those medical issues nor how those medical issues would affect his ability to represent himself at this stage. (See Application for Pro Bono Counsel, at 3 [Docket Entry No. 8]).

Accordingly, for the foregoing reasons, Petitioner's application for appointment of pro bono counsel is denied without prejudice to Petitioner's reassertion of the same should circumstances change or Petitioner provides a clearer statement about the nature of his medical issues, the complexity of the legal issues at hand, and the need for enhanced assistance based on a need for expert testimony or an evidentiary hearing. An appropriate Order accompanies this Letter Opinion.

Sincerely,

Jose L. Linares
United States District Judge