UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR KITCHEN, | |
| Plaintiff, | Civil Action No. 12-2199 (JLL) |
| v. | |
| ESSEX COUNTY CORRECTIONAL FACILITY et al., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

This matter comes before the Court upon Plaintiff's amended complaint [Docket Entry No. 22], and it appearing that:

1. On April 12, 2012, Plaintiff submitted his original complaint asserting that he had been assaulted by unidentified correctional officers. [Docket Entry No. 1.]

2. The Court directed the Clerk to execute service upon the Attorney General, who was designated to act as a constructive agent for service; the Court also directed Plaintiff to file his amended complaint (identifying his Defendants) once the relevant records were provided to him by the Attorney General.[1]  [Docket Entry No. 2].

---

[1] In conjunction with so ordering, the Court screened Plaintiff's complaint and explained to him: (1) the pleading standard; (2) the fact that a correctional facility or a department of corrections were not cognizable "persons" for the purposes of a Section 1983 suit; and (3) the substantive standard applicable to the Eighth Amendment claims. [Docket Entry No. 2.]

3. On November 18, 2012, the Attorney General filed a letter informing the Court that Plaintiff was served with the relevant records. [Docket Entry No. 17.] The Court, therefore, directed Plaintiff to file his amended pleading, and later allowed him additional time to replead. [Docket Entries Nos. 18 and 21.] In response, Plaintiff submitted his amended complaint at bar. [Docket Entry No. 23.]

4. The amended complaint named as Defendants in this matter the State of New Jersey, the Department of Corrections, the Essex County Correctional Facility and five correctional officers, i.e., Officers Melitta, Williams, Lynn, Caggiano and Coleman. See id. at 1. Plaintiff clarified that he named Officers Melitta and Lynn as Defendants because, on the evening of the alleged attack, these officers were on duty supervising the floor and the tier where Plaintiff was housed. See id. at 2. Plaintiff also stated that he named Officers Williams, Caggiano and Coleman as Defendants because these officers held supervisory positions at the Facility where Plaintiff was attacked. See id. at 3.

5. The pleading standard was already detailed by the Court in its prior decision screening Plaintiff's original complaint [Docket Entry No. 2] and, thus, requires no reiteration. In addition, the Court already explained to Plaintiff that a correctional facility or a department of corrections were

not entities cognizable for the purposes of a Section 1983 action. See id. Therefore, Plaintiff's challenges against these entities will be dismissed with prejudice.

6. Plaintiff's claims against the State of New Jersey will be dismissed with prejudice since such claim is conclusively barred by the Eleventh Amendment.[2]

7. The foregoing leaves the Court solely with Plaintiff's claims against five officers, three of whom were named as Defendants because they held supervisory positions, and two were named on the grounds that they were present in the facility at the time of the alleged attack. However, Plaintiff's claims cannot be based on the theory of respondeat superior or on the fact that someone was present at a certain location; rather, Plaintiff must assert facts showing each defendant's *actual personal involvement* in the alleged wrongs. See Ashcroft v. Iqbal, 556 U.S. 662, 675-78 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

---

[2] The Eleventh Amendment bars suits against a state for money damages "unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." Welch v. Texas Dept. of Highways and Public Transp., 483 U.S. 468, 472-473 (1987)(plurality opinion). The Supreme Court previously found that Congress did not intend to rescind the States' Eleventh Amendment immunity in enacting Section 1983. See Quern v. Jordan, 440 U.S. 332, 345 (1979); see also Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect was made clear in our decision in Quern").

(2007); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005).

8. Here, Plaintiff's amended complaint: (a) unambiguously states that he was assaulted by individuals *other* than the five officers named as Defendants; and (b) strongly suggests that Plaintiff is unable to identify his alleged assailants. However, out of abundance of caution, the Court finds it warranted to allow Plaintiff one final opportunity to conduct discovery and re-amend his pleading.

**IT IS**, therefore, on this **5th day of April, 2013**,

**ORDERED** that Plaintiff's amended complaint, Docket Entry No. 22, is dismissed; and it is further

**ORDERED** that Plaintiff's claims against the State, the Department of Corrections and the Facility are dismissed with prejudice and shall not be re-raised; and it further

**ORDERED** that Plaintiff's claims against Officers Melitta, Williams, Lynn, Caggiano and Coleman are dismissed with prejudice and shall not be re-raised; and it further

**ORDERED** that Plaintiff may file his second amended complaint, identifying his assailants as the defendants in this matter and detailing those defendants' actual personal involvement in the alleged attack; and it is further

**ORDERED** that such second amended complaint shall be filed within sixty days from the date of entry of this Memorandum Opinion and Order; and it is further

**ORDERED** that, within fifteen days from the date of entry of this Memorandum Opinion and Order, Plaintiff may, if he so desires, serve upon the Attorney General an additional, well-thought-through questionnaire detailing Plaintiff's recollections about his alleged assailants in order to allow the Attorney General a meaningful and viable opportunity to search the records of the officers on duty during the evening of the alleged attack and, thus, potentially assist Plaintiff in discovering the identities of his assailants; and it is further

**ORDERED** that, within sixty days from being served with Plaintiff's questionnaire, the Attorney General shall conduct a <u>bona fide</u> effort in searching the records for the purposes of determining the information sought by Plaintiff and serve Plaintiff with a written response stating said information, if any such information is discovered; and it is further

**ORDERED** that, within fifteen days from being served with the Attorney General's response, Plaintiff shall file with the Clerk Plaintiff's second amended complaint; and it is further

**ORDERED** that, in the event Plaintiff fails to file his second amended complaint within the period allotted in this

Memorandum Opinion and Order, the Court will direct the Clerk to administratively terminate this matter; and it is further

**ORDERED** that, in the event this matter is administratively terminated, Plaintiff may have it reopened if, within hundred eighty days from the date of such termination, Plaintiff submits: (a) a written statement showing good cause as to why he failed to file his second amended complaint within the period allotted in this Memorandum Opinion and Order; and (b) his second amended complaint executed in accordance with the guidance provided herein; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon the Attorney General by means of electronic delivery; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by certified mail, return receipt requested.

JOSE L. LINARES
United States District Judge