```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ARTHUR KITCHEN, | |
| Plaintiff, | Civil Action No. 12-2199 (JLL) |
| v. | |
| ESSEX COUNTY CORRECTIONAL FACILITY et al., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

This matter comes before the Court upon Plaintiff's letter [Docket Entry No. 27], and a letter from the Attorney General for the State of New Jersey [Docket Entry No. 28], and it appearing that:

1. On April 12, 2012, Plaintiff submitted his original complaint asserting that he had been assaulted by unidentified correctional officers.  [Docket Entry No. 1.]

2. The Court directed the Clerk to execute service upon the Attorney General, who was designated to act solely as a constructive agent for service; the Court also directed Plaintiff to file his amended complaint (identifying Defendants) once the relevant records were provided to him by the Attorney General.[1]  [Docket Entry No. 2].

---

[1] In conjunction with so ordering, the Court screened Plaintiff's complaint and explained to him: (1) the pleading standard; (2) the fact that a correctional facility or a department of corrections were not cognizable "persons" for the purposes of a Section 1983 suit; and (3) the substantive standard

3.  On November 18, 2012, the Attorney General filed a letter informing the Court that Plaintiff had been served with the relevant records.  [Docket Entry No. 17.]  The Court, therefore, directed Plaintiff to file his amended pleading, and later allowed him additional time to replead.  [Docket Entries Nos. 18 and 21.]  In response, Plaintiff submitted his amended complaint.  [Docket Entry No. 23.]

4.  The Court screened the amended complaint (which named, as Defendants in this matter, the State of New Jersey, the Department of Corrections, the Essex County Correctional Facility and five correctional officers, i.e., Officers Melitta, Williams, Lynn, Caggiano and Coleman) and determined that the amended complaint was insufficient under the pleading standard that had already been detailed to Plaintiff by the Court in its screening of Plaintiff's original complaint.  [Docket Entry No. 25.]  Consequently, the Court dismissed Plaintiff's challenges against all juridical entities with prejudice.  The Court also explained to Plaintiff that his claims could not be based on the theory of respondeat superior or on the fact that someone was present at a certain location.  See id.  Therefore, Plaintiff was directed to file his second amended complaint

---

applicable to the Eighth Amendment claims. [Docket Entry No. 2.]

    asserting facts showing each defendant's personal involvement in the alleged wrongs.[2]  See id. at 3-5.

5. In response, Plaintiff filed a letter requesting that the Court direct the Attorney General to conduct "interviews" of the officers whom Plaintiff deems as potential witnesses in order to provide Plaintiff with those "interviews" and allow him an opportunity to assert wrongful actions on the basis of the information contained in those "interviews."[3] [Docket Entry No. 27.]  The Attorney General filed a letter objecting to Plaintiff's request for such "interviews." [Docket Entry No. 28.]

6. Plaintiff's application is without merit.  Here, the Court, being mindful of the guidance provided by the Court of Appeals in Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004), directed service on the Attorney General, who was designated to act solely as a constructive agent for service, in order to allow Plaintiff an opportunity to

---

[2] Plaintiff was allowed to serve upon the Attorney General a "well-thought-through questionnaire detailing his recollections about his alleged assailants," i.e., describing the appearances and/or other unique features, "in order to allow the Attorney General a meaningful and viable opportunity to search the records" and provide Plaintiff with the actual names of the officers Plaintiff described.  Docket Entry No. 25, at 5.

[3] In other words, Plaintiff requested that the Court direct the Attorney General to conduct depositions of the persons whom Plaintiff deemed to be potential witnesses in order to provide Plaintiff with the statements allowing Plaintiff to plead his claims.

    determine the names – rather than the identities – of his alleged assailants and effectuate service on those properly named individuals. See Haines v. Does, 07-5387, 2008 U.S. Dist. LEXIS 30652, at *23 (D.N.J. Apr. 11, 2008) ("The service on Defendants John Does will not be ordered because, as a practical matter, it is in most instances impossible for the United States 24 Marshal to serve a summons and complaint on . . . unidentified defendants") (quoting Stackhouse v. Maricopa County, No. 05-0028, 2006 U.S. Dist. LEXIS 50132, at *6 (D. Ariz. July 19, 2006), original brackets omitted).

7. At no point did this Court appoint the Attorney General to act as Plaintiff's counsel for the purposes of gathering evidence to plead Plaintiff's claims or to determine the involvement of certain individuals in the alleged wrongs. Indeed, as the Supreme Court clarified in its pivotal post-Alston decision, Ashcroft v. Iqbal, 556 U.S. 662 (2009), "the question [of sufficiency of] pleadings does not turn [on] the discovery process. . . . [The plaintiff] is not entitled to discovery . . . [since] Rule 8 does not [allow] 'general allegation'" supported barely by hope of developing actual facts through discovery. Id. at 684-87 (citations omitted). Moreover, directing the Attorney General to gather evidence in support of Plaintiff's potential claims

would necessarily expose the Attorney General to conflicts of interest since, in the event Plaintiff's challenges survive <u>sua</u> <u>sponte</u> screening, the Attorney General is likely to act as counsel for the state prison officers whom Plaintiff is seeking to implicate in the alleged wrongs. <u>See</u> N.J. Ct. Rules, RPC 1.7(a).  Finally, the Court itself is obligated to limit the amount of guidance or assistance it provides to Plaintiff in connection with pleading his claims.  <u>See</u> <u>Pliler v. Ford</u>, 542 U.S. 225, 231-32 (2004) ("District judges have no obligation to act as counsel or paralegal to <u>pro</u> <u>se</u> litigants"); <u>see</u> <u>also</u> <u>Reeves v. Office of the Pub. Defender</u>, No. 11-1741, 2012 U.S. Dist. LEXIS 23289, at *5 (D.N.J. Feb. 23, 2012) ("the Court's legal assistance to Plaintiff would render the Court biased") (citing, <u>inter</u> <u>alia</u>, 28 U.S.C. § 455(a), <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 860(1988), and <u>In re Kensington Intern. Ltd.</u>, 368 F.3d 289, 301 (3d Cir. 2004)).

8. Therefore, Plaintiff's application seeking to direct the Attorney General to conduct depositions on Plaintiff's behalf will be denied.  However, out of abundance of caution, Plaintiff will be allowed one final opportunity to plead his claims in accordance with the terms of the Court's prior order docketed as Docket Entry No. 25.

IT IS, therefore, on this 15th day of May, 2013,

ORDERED that Plaintiff's application, Docket Entry No. 27, is denied; and it is further

ORDERED that, within thirty days from the date of entry of this Memorandum Opinion and Order, Plaintiff may file his second amended complaint, naming his assailants and detailing their personal involvement in the alleged wrongs; and it is further

ORDERED that, in the event Plaintiff fails to file his second amended complaint within the period allotted herein, the Court will direct the Clerk to administratively terminate this matter for failure to prosecute; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon the Attorney General by means of electronic delivery; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by certified mail, return receipt requested.

S/ Jose L. Linares
**JOSE L. LINARES**
**United States District Judge**