UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ARTHUR KITCHEN,

    Plaintiff,

v.

ESSEX COUNTY CORRECTIONAL
FACILITY et al.,

    Defendants.

Civil Action No.
12-2199 (JLL)

**MEMORANDUM OPINION
AND ORDER**

This matter comes before the Court upon return of the Clerk's mailing sent to Plaintiff [Docket Entry No. 32], and it appearing that:

1. On April 12, 2012, Plaintiff submitted his original complaint asserting that he had been assaulted by unidentified correctional officers. [Docket Entry No. 1.]

2. The Court directed the Clerk to execute service upon the Attorney General, who was designated to act solely as a constructive agent for service; the Court also directed Plaintiff to file his amended complaint (identifying Defendants) once the relevant records were provided to him by the Attorney General.[1] [Docket Entry No. 2].

---

[1] In conjunction with so ordering, the Court screened Plaintiff's complaint and explained to him: (1) the pleading standard; (2) that neither a correctional facility nor a department of corrections a cognizable "person" for the purposes of a Section 1983 suit; and (3) the substantive standard applicable to the Eighth Amendment claims. [Docket Entry No. 2.]

3. On November 18, 2012, the Attorney General filed a letter informing the Court that Plaintiff had been served with the relevant records. [Docket Entry No. 17.] The Court, therefore, directed Plaintiff to file his amended pleading, and later allowed him additional time to replead. [Docket Entries Nos. 18 and 21.] In response, Plaintiff submitted his amended complaint. [Docket Entry No. 23.]

4. The Court screened the amended complaint (which named, as Defendants in this matter, the State of New Jersey, the Department of Corrections, the Essex County Correctional Facility and five correctional officers, i.e., Officers Melitta, Williams, Lynn, Caggiano and Coleman) and determined that the amended complaint was insufficient under the governing pleading standard. [Docket Entry No. 25.] Consequently, the Court dismissed Plaintiff's challenges against all juridical entities with prejudice. The Court also explained to Plaintiff that his claims could not be based on the theory of respondeat superior or on the fact that someone was present at a certain location. See id. Therefore, Plaintiff was directed to file a second amended complaint asserting facts showing each defendant's personal involvement in the alleged wrongs.[2] See id. at 3-5.

---

[2] Plaintiff was allowed to serve upon the Attorney General a "well-thought-through questionnaire detailing his recollections about his alleged assailants," i.e., describing the appearances

5. In response, Plaintiff filed a letter requesting that the Court direct the Attorney General to conduct "interviews" of the officers whom Plaintiff deems as potential witnesses in order to provide Plaintiff with those "interviews" and allow him an opportunity to assert wrongful actions on the basis of the information contained in those "interviews."[3] [Docket Entry No. 27.] The Attorney General filed a letter objecting to Plaintiff's request for such "interviews." [Docket Entry No. 28.]

6. On May 15, 2013, this Court issued a Memorandum Opinion and Order finding Plaintiff's application without merit. [Docket Entry No. 31.] Therefore, the Court denied Plaintiff's application but, out of an abundance of caution, allowed Plaintiff one final opportunity to plead his claims in accordance with the terms of the Court's prior order. See id.

7. The Clerk duly mailed this Court's Memorandum Opinion and Order to Plaintiff. [Docket Entry No. 32, at 1.] That

---

and/or other unique features, "in order to allow the Attorney General a meaningful and viable opportunity to search the records" and provide Plaintiff with the actual names of the officers Plaintiff described. [Docket Entry No. 25, at 5.]

[3] In other words, Plaintiff requested that the Court direct the Attorney General to conduct depositions of the persons whom Plaintiff deemed to be potential witnesses in order to provide Plaintiff with facts Plaintiff might incorporate into his amended pleading.

mailing was sent on May 16, 2013, by certified mail, return receipt requested. See id. On May 29, 2013, that mailing was returned to the Clerk, with the notation on the envelope reading, "RETURN TO SENDER. REFUSED. UNABLE TO FORWARD." Id.

8. Generally, if a mailing sent to a litigant is returned as undeliverable, the Clerk administratively terminates the proceeding pursuant to Local Civil Rule 10.1(a), which requires unrepresented parties to advise the Court of any change in address within seven days. "Failure to file a notice of address change may result in the imposition of sanctions by the Court." Local Civ. R. 10.1(a). The case management tool of administrative termination is selected because it has no effect other than to remove a case from the Court's active docket and permit the transfer of records associated with the case to an appropriate storage repository, while allowing for a swift reopening if the need arises. See Penn W. Assocs. v. Cohen, 371 F.3d 118, 126-28 and n. 9 (3d Cir. 2004); see also Mercer v. Allegheny Ludlum Corp., 132 F.R.D. 38, 38-39 (W.D. Pa. 1990), aff'd, 931 F.2d 50 (3d Cir. 1991).

9. Here, however, the Court's Memorandum Opinion and Order was returned to the Clerk as undeliverable because Plaintiff refused acceptance. [Docket Entry No. 32, at 1.] In light

of Plaintiff's systemic failure to file a viable amended complaint regardless of the limited discovery Plaintiff was availed to and this Court's generous extensions of time to file such pleading, the Court construes Plaintiff's refusal to accept the Court's Memorandum Opinion and Order as an indication of Plaintiff's election not to pursue his challenges further. Therefore, the Court will conclusively dismiss this matter for Plaintiff's failure to prosecute. See Turner v. Cates, No. 11-1690, 2012 U.S. Dist. LEXIS 149787, at *6 (E.D. Cal. Oct. 16, 2012);[4] see also Rizzo v. Diaz, No. 10-0180, 2010 U.S. Dist. LEXIS 125427 (E.D. Cal. Nov. 26, 2010) (same); White v. Clarke, No. 08-0717, 2010 U.S. Dist. LEXIS 95042 (N.D.N.Y Aug. 26, 2010) (same). Indeed, Plaintiff was expressly warned by this Court that his action will be terminated for failure to prosecute. [Docket Entry No. 31, at 6.]

IT IS, therefore, on this ___18___ day of ___July___, 2013,

---

[4] The Turner court relied on Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)), which noted that, in determining whether to dismiss a case for failure to prosecute or for failure to comply with a court order "the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives,'" so to dismiss the case on the basis of plaintiff's refusal to receive court orders.

ORDERED that the Clerk shall close the file on this matter on the grounds of Plaintiff's failure to prosecute; and it is further

ORDERED that the Clerk shall make a new and separate entry on the docket reading, "CIVIL CASE CLOSED"; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon the Attorney General by means of electronic delivery; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

_____
JOSE L. LINARES
United States District Judge